HAZOURI, J.
Gary Johnson appeals his conviction and sentence for burglary of a dwelling asserting that the trial court reversibly erred when it permitted the state to bolster the victim’s identification of Johnson as one of the perpetrators of the burglary by allowing the victim to testify that she had correctly identified the codefendant at the codefendant’s sentencing. We agree and reverse and remand for a new trial.
Johnson was charged by information with burglary of a dwelling along with co-defendant Kenny Jones arising out of an incident occurring on April 21, 2006. At Johnson’s trial, the victim, Barbara Palmer, testified that on April 21, 2006, at approximately 9:00 a.m., she left her house to pick up a neighbor to go shopping. When Palmer arrived at her neighbor’s house, she noticed an unfamiliar truck in her driveway (Palmer’s driveway). Palmer went to her house to investigate who was in the truck. When she arrived back at her home, two men came walking toward her, coming from the back of the house. Palmer described the men: “Two young black males, they had very short haircuts, they were wearing the same T-shirts, I assumed they worked on boats.”[1] Palmer asked them if they were there visiting her husband, but they did not respond.
Palmer became suspicious when they would not answer her questions. After not answering Palmer’s questions, the two men got into the truck. One of the men was carrying a canvas bag that had been inside Palmer’s house, next to her laptop. Palmer was holding on to the door handle of the truck, saying “who are you,” and yelling to her neighbor in the car to call 911. Palmer let go of the door handle and called out the truck’s license plate number to her neighbor, who was on the phone with 911. Palmer’s neighbor was able to give the police the truck’s license plate number and description.
The police responded five minutes later. Palmer and the police determined that the two men gained entry to her home through the back door. Palmer’s laptop and canvas bag were missing. Palmer testified that after she asked her neighbor to call 911, she witnessed a third person jump over the fence into another neighbor’s yard. He was dressed exactly like the other two men.
Palmer testified that she was able to identify Jones as the truck’s passenger and carrier of the canvas bag by way of a photographic lineup. She identified him with 100% certainty. She had previously identified Johnson in a photographic lineup as the driver of the truck, but only with 80% certainty. Over Johnson’s objection, the trial court permitted the state to bolster Palmer’s identification of Johnson by having Palmer testify that she was able to identify codefendant Jones at his sentencing.
In overruling the objection, the trial court stated,
... I think it is fair to share that she recognized and identified somebody and she later saw him at sentencing, it is just an issue of identification, not that he’s the person. You know, it just shows that, that she was able to perceive and recognize a person and was able to perceive and recognize him another time.
Although it may be marginally relevant that Palmer could identify Jones with 100% certainty, and therefore not an *1218 abuse of discretion, it is highly prejudicial that Palmer’s second identification of Jones occurred at his sentencing. The clear implication is that not only was Palmer 100% sure of her identification of Jones, but additionally, Jones was in fact convicted of the very burglary for which Johnson was being tried. “It is well settled under Florida law that the state may not show that a co-defendant or an accomplice pleaded guilty or was convicted because it is not relevant and it may have a very prejudicial effect upon the determination of the guilt or innocence of the defendant.” See Travieso v. State, 480 So.2d 100, 103 (Fla. 4th DCA 1985) (citation omitted).
The state argues that this error is harmless. We disagree. In order for this error to be harmless, the state has a burden to prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Johnson’s defense was misidentifi-cation. There was no physical evidence to support the state’s charge that Johnson participated in the burglary. Therefore, Palmer’s ability to identify Johnson was critical to the state’s case. Thus, Palmer’s testimony that she made a positive identification of Jones at his sentencing can hardly qualify as harmless error.
Johnson’s second point on appeal is without merit.

Reversed and Remanded for a New Trial.

KLEIN and DAMOORGIAN, JJ., concur.

. Palmer and her husband are in the boating business.